The writt should be annulled.

Consuelo Portela Pérez, et al., Plaintiffs and Appellants, v. Dolores P. de Portela, et al., Defendants and Appellees.

Nô. 5913. Argued December 15, 1933.—Decided July 28, 1934.

M. A. García del Rosario for appellants. E. T. Fiddler for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

 In the District Court of San Juan the defendants filed a demurrer to the complaint. The court below sustained the demurrer, the plaintiffs suffered judgment to go against them and appealed.

The complaint set up, among averments unnecessary to transcribe, that the plaintiffs, along with the defendant Dolores P. widow of Portela, formed the succession of Ramón B. Portela, who died on the 29th of January, 1921; that the plaintiffs and Dolores P. widow of Portela, one of the defendants were declared the universal heirs of Ramón B. Portela, the usufruct going to the widow; that the partition of the property left by Ramón B. Portela did not take effect until the year 1930 and during all this time from the death of the ancestor until the partition took place, all business in the name of the succession was done by Dolores P. widow of Portela; that from the death of Ramón B. Portela until the date on which the partition took place, Dolores P. widow of Portela had not acquired, nor acquired thereafter, any money which would indicate separate property to the exclusion thereover of the other heirs who formed the succession of Ramón B. Portela; that by deed dated the 30th of October, 1926, the spouses Nicolás Pérez and Francisca Urbistondo acknowledged that they owed the sum of $10,000, $5,000 to Dolores P. widow of Portela and $5,000 to Ramón Pérez, and to secure this amount they executed a first mortgage on a piece of property located in the ward of Algarrobo of Vega Baja, composed of 72 acres; that the part of the credit amounting to $5,000 which appeared in the name of Dolores P. widow of Portela belonged to the succession of Ramón

B. Portela, it having been acquired with money belonging to said succession; that by deed dated the 18th of January, 1927, Ramón Pérez Carreras assigned for value received the mortgage credit which he held in the property of Nicolás Pérez Carreras and Francisca Urbistondo to Dolores P. widow of Portela; that this transfer was made with money belonging to the succession of Ramón B. Portela; that by the aforesaid deed of the 18th of January, 1927, Dolores P. widow of Portela appointed Carlos M. García del Rosario as her attorney-in-fact and authorized him to assign the credit of $10,000 aforesaid to the American Colonial Bank as collateral security for the debt which the firm of Portela & Gándara, Succrs., owed, secured by her; that subsequently Nicolás Pérez Carreras and Francisca Urbistondo transferred the property to Dolores P. widow of Portela for the amount of $10,000, to cover the mortgage credit which existed in her favor; that on the 21st of February, 1930, Dolores P. widow of Portela sold the property aforesaid to the corporation Rubert Hermanos Inc., which said corporation paid for with four promissory notes secured by mortgage on the same property, each promissory note being in the sum of $2,250.00; that the promissory notes executed by Rubert Hermanos were given in pledge to the National City Bank of New York as the successor of the American Colonial Bank still to secure the debt of the firm Portela & Gándara, Succrs.; that when the partition of the estate of Ramón B. Portela took place in 1930, the property alienated to Rubert Hermanos, Inc., which was acquired by Dolores P. Widow of Portela with money belonging to the succession was not included in the partition as belonging to the succession nor were the promissory notes which Rubert Hermanos executed; that as all the property belonging to the estate of Ramón B. Portela was ganancial property, two of the said promissory notes belonged to Dolores P. widow of Portela as her half of the ganancial property and the other two belonged to the complainants in this action; that the National City Bank is now the holder

in pledge of two promissory notes executed in favor of Dolores P. widow of Portela and which matured on the 19th of June, 1932, and the 30th of June, 1933, and that in an action begun before the District Court of San Juan the bank has requested the sale at public auction of these two promissory notes; that these two promissory notes which the National City Bank holds in pledge are the exclusive property of the plaintiffs in this action as the universal heirs of Ramón B. Portela and should not answer for any obligation of the succession to the defendant, the National City Bank of New York.

The prayer of the complaint is that the said two promissory notes should be declared to be the property of the plaintiffs. The court below held on these facts that it appeared that the defendant Dolores P. widow of Portela acquired the property for herself and that the fact that the estate was not divided, created no presumption that the property so acquired by her belonged to the ganancial estate; that the acquisition on the part of the widow took place for her benefit; that if the money with which she made the purchase did not belong to her, this fact could not affect the acquired right, but instead there was a debt created against her in favor of the person who owned the money (the succession) which could begin a personal action to recover it, but not one in revendication, which belongs solely to the owner, and more to the same effect. Then the court goes on to say that as all the property involved was recorded in the registry of property and as the National City Bank, on acquiring the notes, had no knowledge of the events described in the complaint, the action did not lie.

The appellants rely on Section 1046 of the Civil Code, as follows:

"The omission of one or more objects or securities of the inheritance does not give rise to the rescission of the division by reason of *lesión*, but only to complete or increase the state with the objects or securities omitted."

The appellees truly say that before this section could be applied the complaint should show that the two promissory notes whose recovery is sought belonged to the succession. What the complaint sets up in total effect is that Mrs. Portela obtained these notes with money belonging to the estate. This is not the averment of a title in the succession to the promissory notes in question.

After due consideration we agree with the district court that the attempt here is to recover two specific promissory notes and hence, the action is in its nature revendicatory. Otherwise, besides, there was no need or necessity of making the bank a party. As the court and the appellee bank point out, the plaintiffs might have a cause of action against Mrs. Portela for the recovery of the money supposed to be appropriated by her, but not to the specific property appearing in her name. It makes no difference that the court perhaps was mistaken in saying that property was recorded, or other similar statements. It also stands out that there was no identification of any of the notes, but the plaintiffs claim the right to two of four promissory notes.

As to the bank we see no possible cause of action, inasmuch as Dolores P. widow of Portela was *sui juris* a person able to make a contract and there was nothing in the record that showed her to be a holder or a trustee for the succession. As the appellees point out, there was no resulting trust in favor of the plaintiffs.

The judgment should be affirmed.